FIRST STATE BANK OF DECATUR *v.* SOLOMON.

1. CONTINUANCE—DISCRETION OF COURT—ABSENCE OF DEFENDANT.

   Trial court *held,* to have properly exercised its discretion in refusing continuance to defendant in action on promissory note where he was a nonresident, knew his case was on the docket for trial, was likely to be reached later in the term, failed to keep his office or attorneys advised of his whereabouts, no application for continuance was made until after jury had been drawn and case came on for trial upon the day fixed therefor before visiting judge and judge of the circuit was disqualified.

2. NEW TRIAL—DISCRETION OF COURT—DAY IN COURT.

   It was not an abuse of discretion to refuse a new trial to nonresident defendant who failed to keep his attorneys or office advised of his whereabouts so that he might be reached on day set for trial and was, therefore, absent, since he had an opportunity to have his day in court, although new trial might properly have been granted.

3. BILLS AND NOTES—PLEADING—EVIDENCE—VARIANCE.

   Variance between copy of note attached to declaration which did not contain a statement of the amount of the note in the body thereof, no provision for cost of collection or attorney's fee in case of nonpayment at maturity and no waiver of notice of protest and nonpayment as contained in note sued upon and introduced in evidence *held,* not misleading and fatal, where the original and copy were identical as to amount, date, rate of interest and name of payee.

Appeal from Van Buren; Miles (Fred T.), J., presiding. Submitted January 17, 1935. Docket No. 113, Calendar No. 38,208.) Decided April 8, 1935.

Assumpsit by First State Bank of Decatur, Michigan, against Sam G. Solomon on a promissory note.

Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Earl L. Burhans* and *M. J. Schaberg,* for plaintiff.

*Carl D. Mosier* and *David Anderson,* for defendant.

POTTER, C. J.   Plaintiff began suit against defendant, a resident of Chicago, by attachment, in an action of assumpsit, to recover upon a promissory note of $2,500 and interest.   Defendant entered his appearance and filed an answer, claiming the note sued upon was without consideration and plaintiff was not an innocent holder thereof for value but charged with knowledge of the infirmities inherent in the note.   A jury was called for July 9, 1934.   Six jury cases were set down for trial commencing July 9th. One case was tried and four others settled or continued, leaving this case the only one for trial.   A jury was selected July 9, 1934, and, the circuit judge being disqualified, the case was set for trial before another judge July 13, 1934.   Plaintiff appeared on that date ready for trial.   Defendant did not appear, but his attorneys appeared and made an application for continuance, showing defendant was a salesman for a shoe manufacturer; that he was notified the case was on for the May term, but the jury was going to be returned at a later date for the trial of jury cases.   Defendant's counsel were notified July 9th the case would come on for trial Friday, July 13th. They telephoned defendant's office in Chicago; a stenographer in charge advised defendant was in Boston and would be from Monday to Thursday, inclusive, and could be reached at the Statler Hotel. Defendant's counsel requested defendant's stenog-

rapher at Chicago to wire defendant when his case would be on trial, asking him to advise his attorneys when he would arrive. Defendant's counsel sent defendant two air mail letters on July 9th, advising him the case was set for trial and a jury impaneled. They also telegraphed him on Wednesday. No response was received to any of these communications. Only one witness was produced by plaintiff; and, under the direction of the court, a judgment was rendered in favor of plaintiff for $2,999.23. Application was made for new trial, which was denied.

There was a variance between the copy of the note set forth in plaintiff's declaration and the note sued upon. Defendant presents three questions on appeal: That the court erred in refusing to grant a continuance, and to grant a new trial; in refusing to strike the testimony in relation to the note in question; and in rendering judgment in favor of plaintiff.

Defendant claims there was such an abuse of discretion upon the part of the trial court in refusing to grant a continuance as to justify a reversal of the case.

Defendant was a nonresident, which his attorneys knew; but, without getting into actual communication with defendant, a jury was drawn and the case set for trial. No application was made for a continuance until after the jury had been selected and sworn, and the case came on upon the day fixed for its trial. Defendant's attorneys claim they had an understanding with defendant as to the trial, and it appears defendant knew his case was on the docket for trial, was likely to be reached later in the term, and he went away from his office in Chicago without leaving any definite information as to where he could be reached. He did not keep his Chicago office notified as to where he was, and did not keep in touch

with his attorneys. We think the trial court did not abuse his discretion in refusing to grant a continuance.

Defendant made a motion for a new trial and claims it was error upon the part of the trial court not to grant it. It would not have been an abuse of discretion to have granted a new trial, but it does not follow it was an abuse of discretion not to do so. The principal basis of the motion for a new trial was that defendant had not had his day in court. As the trial court said: "He has had opportunity to have, and that is all he can justly claim."

It is claimed there was a variance between the copy of the note attached to plaintiff's declaration and the note which was introduced in evidence. The copy attached to the declaration did not contain a statement of the amount of the note in the body thereof and contained no provision in relation to the cost of collection or attorney's fee in case of nonpayment at maturity, and no waiver by the makers, drawers and indorsers thereof of notice of protest and nonpayment. All these were contained in the note upon which suit was brought. The two are identical in amount, date, rate of interest, and name of payee. We think there was not sufficient variance between the two to mislead defendant. The amount of the judgment rendered was in nowise affected by the variance complained of.

Judgment affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.