BAKER v. WETHERALD.

1. APPEAL AND ERROR—CONTINUANCES—DISCRETION OF COURT—SUPREME COURT.

   The granting or refusal of an application for a continuance is within the discretion of the trial court, and unless it is shown that his discretion was abused, the Supreme Court will not review his action.

2. CONTINUANCES—DISCRETION OF COURT—ABSENCE OF WITNESS—COMMENCEMENT OF TRIAL.

   Trial court's refusal to grant a continuance and discharge jury on plaintiff's motion was not an abuse of discretion where motion was based on absence of witness, due to scarlet fever, whom plaintiff subpoenaed on Friday and then had notice the witness might not be available, was advised of illness on Sunday and did not file motion until Tuesday after learning illness was scarlet fever and after plaintiff and another person in his car at time of collision had testified.

3. APPEAL AND ERROR—ARGUMENT OF COUNSEL—PREJUDICE.

    Argument of defendant's counsel in automobile accident case that plaintiff's counsel in his opening remarks had stated he would prove that there were skid marks on the road 75 feet from the point of impact was not reversible error where not deliberately designed by counsel to prejudice the jury.

4. SAME—INSTRUCTIONS ERRONEOUS IN PART.

    In action for injuries sustained in collision of automobiles, charge to jury that defendant was 425 feet from intersection as plaintiff was about to cross through trunkline highway while leading up to a reading of the statute relative to duty of drivers approaching an intersection, whereas plaintiff had testified defendant was but 225 feet away, *held,* not detrimental to plaintiff when other portions of the charge are considered (1 Comp. Laws 1929, § 4713[e]).

    Appeal from Wayne; Campbell (Allan), J. Submitted October 11, 1939. (Docket No. 111, Calendar No. 40,783.) Decided December 20, 1939.

    Case by Fred Baker against Charles E. Wetherald for damages for personal injuries sustained in a collision between motor vehicles at an intersection. Cross-declaration by defendant against plaintiff for damages for personal injuries. From a judgment entered upon a verdict of no cause for action as to both parties, plaintiff appeals. Affirmed.

    *Hugh K. Davidson, David E. Kull,* and *Charles N. Belcher,* for plaintiff.

    *Maurice Miller,* for defendant.

    BUSHNELL, J. About 10 o'clock Sunday morning, July 18, 1937, plaintiff, who was traveling east on Oakhill, a rolling gravel county road, came to its intersection with M–15, a north and south State trunkline paved highway. He had crossed this intersection dozens of times, and knew that M–15 was a

"stop highway." At the southwest corner a bank, 15 feet high and 25 feet from the west edge of the pavement, obstructs the view to the south from Oakhill until the intersection is reached, where there is a clear view for a quarter of a mile. According to plaintiff, as he approached the intersection from the west, he did not come to a full stop and, finding traffic clear to the north, he moved up slowly so that he could see to the south. When he was 20 feet from the pavement he saw an old car 450 feet away, approaching the intersection at about 35 miles an hour. Deciding that he had plenty of time to cross, plaintiff put his car into second gear and took another look to the left. When about at the edge of the pavement, he looked again to the right and saw the old car then 250 feet away and said that, for the first time, he saw defendant's car 225 feet away on the left side of the pavement. The cars of defendant and plaintiff collided when the plaintiff's car had just about reached the east edge of the pavement. Plaintiff was injured and did not regain consciousness until he was in the hospital. His sister-in-law was also injured and his wife died as a result of the accident. Defendant, several bystanders, and deputy sheriffs who were called to the scene of the accident also testified. No questions regarding negligence or contributory negligence are raised on appeal.

Trial was commenced on Tuesday, January 31, 1939, and, after plaintiff and his sister-in-law had concluded their testimony, plaintiff's attorney, in the absence of the jury, asked the court for a continuance, based upon proof of service of a subpoena on Friday, January 27th, upon a constable of the town of Clarkston, and the affidavits of plaintiff, his counsel, and a physician. These affidavits disclose that the constable visited the scene of the accident shortly after the collision, examined the positions of the cars

and their condition, noted the skid marks upon the pavement; and that when he was subpoenaed he was quarantined under the order of the physician for a period of 21 days because of scarlet fever. The doctor's affidavit was dated January 31st, and until then plaintiff's counsel might have expected the attendance of the constable. The affidavit of plaintiff's counsel stated that, when he served the subpoena upon the witness, he requested him to telephone on Sunday; that about 4 p. m. that day a woman, who identified herself as the wife of the witness, called and advised counsel that her husband would be unable to come to Detroit that day, and might not be able to come the next, because he had tonsillitis. On Tuesday, counsel called his witness by telephone and was then advised that he was confined to his bed with scarlet fever. The court denied plaintiff's motion for a continuance and ordered the trial resumed.

As in *First State Bank of Decatur* v. *Solomon,* 271 Mich. 94, no application was made for a continuance, based upon the defendant's absence, until after the jury had been selected and sworn. This court held that the trial court's denial of a continuance was not an abuse of discretion.

In *Gold* v. *Railway,* 169 Mich. 178, error was assigned upon the refusal of the court to grant defendant time to obtain its principal witness. The court said:

"The application was made orally, after plaintiff had rested and defendant had taken the testimony of one witness. The matter of delaying a trial to enable a party to get his witnesses is one so peculiarly within the discretion of the trial judge, that we should not feel warranted in reviewing such discretion, except in a very extreme case, and we do not consider this to be such a case."

Other authorities are cited in *People v. Burby*, 218 Mich. 46, in support of the statement that,—

"This court has repeatedly held that the granting or refusing applications for continuance is within the discretion of the trial court, and unless it is shown that his discretion was abused, this court will not review his action."

In the instant case, plaintiff had notice on Friday, preceding the trial, of the possibility that his witness might not be available. He was again advised on Sunday of the continuance of this possibility and did nothing about the matter until Tuesday morning, after the trial was commenced. It cannot be said that the court abused its discretion in refusing to discharge the jury and grant a continuance under the circumstances.

During the arguments of counsel, plaintiff took exception to a challenge by the defendant regarding failure of proofs in that, in his opening remarks, plaintiff's counsel stated that he would prove that there were skid marks on the west side of the road 75 feet from the point of impact. The court said, in the presence of the jury:

"Failure to produce a witness is proper comment. There is in the record, but not known to the jury, an offer by Mr. Davidson, or a request for a continuance, which I did not see fit to grant, since it would mean the discharge of this jury and trying this case over, and I did not choose to grant it,—he offered to produce a witness which he said would testify to the skid marks. Now, make anything of it that you like. It doesn't matter."

The following colloquy ensued:

"*Mr. Miller:* If he wants to, I don't mind him reading that part.

"*The Court:* Never mind.

"*Mr. Davidson:* I would like to read it all.

"*The Court:* Go ahead, argue to the jury."

The improper remark by defendant's counsel in challenging plaintiff as to his opening statement cannot be said to have been a deliberate design on the part of counsel to prejudice the jury. *Steudle* v. *Yellow & Checker Cab & Transfer Co.,* 287 Mich. 1. Although counsel's challenge would have been better left unsaid, it does not constitute reversible error. *Curth* v. *New York Life Ins. Co.,* 274 Mich. 513, 524.

Plaintiff claims the trial judge erred in his statement of fact leading up to a reading of the statute (1 Comp. Laws 1929, § 4713, subd. [e] [Stat. Ann. § 9.1581]), which has to do with the duty of drivers of vehicles approaching intersecting highways. The court said that plaintiff first saw defendant's car when it was 475 feet away and next observed it after it had passed what was described as an old car about 225 to 250 feet away. Plaintiff testified that he first saw defendant's car when it was 225 feet away on the wrong side of the highway and continued to observe it until the collision. This error in the charge was not detrimental to plaintiff, the court having said to the jury:

"I propose to leave to you the question as to whether or not Mr. Baker obeyed this section of the statute when he failed, as he admits that he failed, to come to a full stop. If the Wetherald car was far enough away that he could not be said to be approaching the intersection with[in] the meaning of the statute, he would have a right to proceed on across. The fact is that he did proceed on across, and was struck. I charge you that if you are satisfied that the State law, with regard to the traffic vehicles, was violated, that violation is negligence in and of itself. And if you find from the evidence that the violation was committed, and contributed to the accident, then and in that event, it would be contributory negligence within the meaning of the law, and Mr. Baker would be precluded from recovery."

The factual statement by the court was more favorable to plaintiff than he was entitled to under the record.

There being no reversible error, the judgment entered upon the jury's verdict of no cause of action as to both parties is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.