## McKAY v. BLACK.

1. TRIAL—CONTINUANCE—DISCRETION OF COURT.
   The granting of a continuance rests with the sound discretion of the trial court (GCR 1963, 503).

2. SAME—CONTINUANCE—NEGLIGENCE.
   Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving party and the court finds that substantial justice more nearly will be obtained (GCR 1963, 503.1).

3. SAME—CONTINUANCE—DILIGENCE.
   A motion to postpone or continue a trial due to unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts, and should be granted only if the court finds that the evidence is material and that diligent efforts have been made to secure it (GCR 1963, 503.2).

4. SAME—CONTINUANCE—DISCRETION OF COURT—MEDICAL WITNESSES.
   Denial of defendant's third request for continuance in trial of personal injury case in order to obtain his fourth medical witness, then claimed to be on emergency duty at a hospital, *held*, not an abuse of discretion, under the circumstances, in view of the number of previous delays and lack of diligence by defense counsel that had been demonstrated (GCR 1963, 503).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 October 6, 1966, at Detroit. (Docket No. 1,857.) Decided January 24, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance § 3.
[2–4] 17 Am Jur 2d, Continuance § 10.

Complaint by Lena McKay against J. Oliver Black, Ethel Black, and Robert G. Wolf for personal injuries sustained in a fall in the lobby of defendants' apartment house. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Cary, BeGole, Martin, Bohall & Joselyn,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (John A. DeMoss* and *William M. Donovan,* of counsel), for defendants.

LESINSKI, C. J.  Suit was commenced by plaintiff, Lena McKay, for injuries sustained when she tripped and fell over a mat located in the lobby of an apartment building operated by defendants wherein plaintiff was a tenant.  Plaintiff's claims for damages include future medical expenses, surgical and hospital expenses.

The trial began on Thursday afternoon, January 6, 1966, at approximately 2 p.m.  The jury was selected, opening arguments made, and the testimony of plaintiff, and that of defendants' employee, Charles Furry,[1] was completed on the same afternoon.  Friday being motion day in the Wayne county circuit court, this matter was adjourned until Monday morning, January 10th.

The trial continued on Monday morning with two of plaintiff's medical witnesses testifying.  Plaintiff then rested her case.  The defense made an opening statement which was completed at approximately 10:40 a.m.  Defense counsel, upon the completion of his opening statement, requested an adjournment because his medical witnesses were not expected to arrive until 11 a.m.  The court admonished counsel

---

[1] Mr. Furry expired prior to trial and his deposition was read into the record.

for not having his witnesses available, but permitted the adjournment until 11 a.m.

Although defense counsel requested an adjournment because his medical witnesses were not to arrive until 11 a.m., the first witness called after the recess was a lay witness, Eva Craigie, the paymaster at plaintiff's place of employment. Upon the completion of the testimony of this witness, defense counsel advised the court that his medical witness had gone to his office by mistake but "is now on the way over here." The defense then called Robert G. Wolf, one of the defendants. After the conclusion of Mr. Wolf's testimony, defense counsel stated he had received a note "that both doctors are en route and should be here shortly." Another adjournment was requested and granted to the defense by the court.

After the recess, Dr. Harold B. Fenech, a surgeon, Dr. Ivor David Harris, a radiologist, and Dr. A. H. Hall, a radiologist, were called and testified on behalf of the defense. Upon the conclusion of testimony of these three medical experts, and further testimony by the plaintiff, defense counsel advised the court that his fourth medical expert, Dr. A. Jackson Day, an orthopedist, was not available because of emergency duty, but would be available on Tuesday, January 11, at 11 a.m. Defense counsel then requested a continuance until 11 a.m. on Tuesday. The court denied the continuance over defendants' objection. The case was submitted to the jury, and a verdict in favor of plaintiff for $6,000 was returned.

Upon a denial of defendants' motion for a new trial, they appeal here claiming the court abused its discretion in failing to grant the requested continuance. We do not agree.

It is well accepted in this State that the granting of a continuance rests with the sound discretion of

the trial court. *People* v. *Stoeckl* (1956), 347 Mich 1; *People* v. *Fleisher* (1948), 322 Mich 474; *Baker* v. *Wetherald* (1939), 291 Mich 646.

Our court rules provide some guidelines for granting continuances. GCR 1963, 503, provides:

".1 *It is the policy of this rule to encourage the diligent preparation and trial of cases.* Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving party and the court finds that substantial justice more nearly will be obtained.

".2 A motion to postpone or continue a trial due to the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts. A continuance shall be granted on the ground only if the court finds that the evidence is material and that diligent efforts have been made to secure the witness or evidence. If the testimony or the evidence would be admissible upon the trial, and the adverse party stipulates in writing or on the record that it shall be considered as actually given on the trial, there shall be no postponement or continuance unless the court, in the furtherance of justice, deems a continuance necessary." (Emphasis supplied.)

The record herein does not reflect diligence by defense counsel in preparation for trial of the case. When plaintiff rested her case on Monday morning, defense counsel did not have any witnesses available to present his defense. He requested a continuance claiming that his medical witnesses were scheduled to arrive at 11 a.m. This request was granted. After the recess, the medical witnesses being unavailable, the defense instead called two lay witnesses. Upon the completion of testimony by the lay witnesses, a second continuance was requested by defense counsel who claimed his medical experts had not yet arrived but were en route. The trial court, not pleased with

the delays caused by the defense, stated at this point: "They must be coming by mule train. They have been en route for an hour and ten minutes." Nevertheless, a second continuance was granted. Dr. Fenech finally arrived and the defense continued its case by calling Dr. Fenech. Two other medical experts for the defense followed Dr. Fenech to the stand on the afternoon of January 10th, Dr. Harris and Dr. Hall.

It is alleged by plaintiff's counsel in his brief and on oral argument that Dr. Fenech, upon his arrival, advised the court, in the absence of the jury, that he first learned of defendants' desire for him to testify on this date only an hour ago when he was called at the hospital while in surgery. We normally do not take cognizance of a factual allegation argued on appeal which is unsupported by the record below. However, we will give some credence to this allegation where defendants' counsel, who tried the case, was in a position to respond and failed to so do.

After the medical experts had concluded their testimony, defense counsel requested a third continuance claiming that Dr. Day, an orthopedist, was on emergency duty at the hospital and would not be available until January 11th at 11 a.m. to testify. The court was justified in denying this request in view of the number of previous delays and the lack of diligence by defense counsel demonstrated in this record.

The record further reflects that defense had knowledge prior to January 6, 1966, that Dr. Day would be unavailable to testify on January 10th. Despite this knowledge, defense counsel did not protect his case by securing the deposition of Dr. Day either prior to trial or during the 3-day adjournment (between January 6–10) of this cause.[2] On this note we think

─────────────

[2] Nor did defense counsel notify the court as soon as possible of Dr. Day's unavailability to testify on January 10.

the author's comment in 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed 1963), p 318, which discusses GCR 1963, 503, has applicability:

"Proper use of the exhaustive deposition and discovery procedures provided by the rules and a thorough review of the case at the pretrial conference should eliminate most causes for a continuance thereafter. Thus, the increased liberality of pretrial discovery devices will make it increasingly difficult to justify continuances under this rule after assignment of the case for trial."

It is also significant to note that, although defense counsel had subpoenaed Dr. Day, the subpoena was not issued until January 10, 1966. Lack of diligence is again apparent where the defense counsel had knowledge four days earlier that Dr. Day did not plan to appear on January 10, 1966, and, yet, did not serve the subpoena until the same date the doctor was, by its command, to appear at 2 p.m. Further, counsel did not seek to invoke the power of the court to compel the attendance of the witness.

The trial court did not abuse its discretion in refusing to grant defendants a continuance under the circumstances of this case.

Judgment affirmed. Costs to appellee.

J. H. GILLIS and HOLBROOK, JJ., concurred.