BURNETT *v.* BURNETT

1. CONTINUANCE—COURT RULE.
    Court rule provides that a continuance will not be granted unless a showing is made, and the court finds, that the grounds for the continuance do not arise out of the fault or negligence of the moving party (GCR 1963, 503.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance §§ 4, 5, 48.
[2] 17 Am Jur 2d, Continuance §§ 7, 10.
[3] 17 Am Jur 2d, Continuance § 3.
[4] 5 Am Jur 2d, Appeal and Error § 868.

2. Continuance—Court Rule—Evidence—Witnesses.

Court rule provides that a continuance shall be granted if a material witness or evidence is unavailable and diligent efforts have been made to secure the witness or evidence (GCR 1963, 503.2).

3. Continuance—Court Rule—Failure to Comply—Discretion.

Refusal to grant plaintiff a continuance was not an abuse of discretion where plaintiff's attorney inadvertently failed to give ample notice of a trial date to his client who had moved from the state and failed to seek a continuance "as soon as possible after ascertaining the facts" (GCR 1963, 503.1, 503.2).

4. Divorce—Property Settlement—Modification—Appeal and Error.

Failure to grant plaintiff wife an off-set as to the rental value of her portion of the marital residence from the time she moved out was not error where the record discloses nothing which compels a different result, for the Court of Appeals will not reverse or modify property settlements unless convinced that it would have had to reach a different result had it been the trial court.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 October 13, 1970, at Lansing. (Docket No. 7,680.) Decided December 1, 1970.

Complaint by Audrey C. Burnett against Donald R. Burnett for divorce. Defendant counterclaimed for divorce. Default judgment of divorce granted to defendant on his counterclaim. Plaintiff's motion for a new trial denied. Plaintiff appeals. Affirmed.

*Michael S. Sisskind* and *Barry W. Litvin,* for plaintiff.

*Edward W. Lawrence,* for defendant.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

V. J. BRENNAN, J.   This appeal arises out of a divorce proceeding before the Honorable Howard R. Carroll.   From a judgment in favor of the defendant on his counterclaim for divorce, the plaintiff appeals.

The trial of this cause was originally set for April 1, 1969.   However, sometime prior to that date the attorneys for the parties agreed between themselves to an adjournment.   Due to inadvertence on the part of one or both of the attorneys no notice of adjournment was filed with the court.   On the trial date, no parties or attorneys being present, the court dismissed the case without prejudice.   On May 16, 1969, an order reinstating the case was issued setting a new trial date of June 5, 1969.   Notice of the new trial date was sent to plaintiff's attorney, but through his own inadvertence, he didn't discover the date on the notice until June 2, 1969.   He then attempted to contact his client, who had since moved to Florida, without success.   On the day of trial, plaintiff's attorney sent his associate in his place to request a continuance.   The trial court refused to grant a continuance and ordered the parties to proceed to trial.

Defendant presented evidence supporting his counterclaim and evidence relative to the various contributions of the parties towards the marital property.   Appellant presented no evidence, but did request that the court award her an amount of money equal to the rental value of her portion of the house from the date that she moved out.   This request was denied.   The court granted a divorce to the defendant and made a distribution of the property between the parties.

Plaintiff's first allegation of error is that the court abused its discretion in refusing to grant a continuance.   This claim is without merit.

The court rule governing continuances provides in part:

".1 Policy.  It is the policy of this rule to encourage the diligent preparation and trial of cases.  Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving party and the court finds that substantial justice more nearly will be obtained.

".2 Absence of Witness or Evidence.  A motion to postpone or continue a trial due to the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts.  A continuance shall be granted on the ground only if the court finds that the evidence is material and that diligent efforts have been made to secure the witness or evidence.  If the testimony or the evidence would be admissible upon the trial, and the adverse party stipulates in writing or on the record that it shall be considered as actually given on the trial, there shall be no postponement or continuance unless the court, in the furtherance of justice, deems a continuance necessary."  GCR 1963, 503.

The facts of this case clearly show that the plaintiff has failed to comply with the court rule in at least two respects.  First, the ground asserted in the motion for a continuance, the absence of the plaintiff, was the fault of the moving party.  Plaintiff's attorney admits in his brief that it was his own inadvertence in failing to check carefully the notice of the new trial date which gave him insufficient time to have his client present in court.  But for her attorney's mistake, plaintiff would have had two and one-half weeks prior notice of the trial.  Secondly, plaintiff's attorney failed to make a motion for a continuance "as soon as possible after ascertaining the facts".  GCR 1963, 503.2.  Although plaintiff's attorney discovered his error on June 2nd, he did

not inform the court of it until June 5th, the day of trial.

The failure to comply with the court rule coupled with the fact that this was the second delay in the matter provided ample justification for the court to deny the motion for the continuance. At one point the trial court stated: " * * * I put off two other cases because this is the second time [this case has been here] and it is an old divorce case and it is to proceed completely today". We cannot say that an abuse of discretion was committed in denying plaintiff's motion. *McKay* v. *Black* (1967), 5 Mich App 711; *People* v. *Stoeckl* (1956), 347 Mich 1.

Plaintiff also contends that the court erred in not granting her an off-set as to the rental value of her portion of the marital residence from the time she moved out. This Court will not reverse or modify property settlements unless convinced that it would have had to reach a different result had it occupied the position of the trial court. *Ross* v. *Ross* (1970), 24 Mich App 19; *Paul* v. *Paul* (1960), 362 Mich 43. A review of the record discloses that there is nothing which compels a different result than that reached in the lower court.

Affirmed.

All concurred.