MITCHELL v. BOUSSON

1. TRIAL—CONTINUANCE—DISCRETION.
   The granting of a continuance rests with the sound discretion of the trial court (GCR 1963, 503).

2. TRIAL—CONTINUANCE—DISCRETION.
   Denying the defendant's motion for a continuance was not an abuse of discretion even though the motion was made so that the defendant could obtain counsel and at the time of the motion the defendant was not represented by counsel where the case had been set for trial on four previous occasions, on each of the four times a continuance had been granted, the defendant's motion was the second time he had sought to delay trial because of substitution of counsel, and the latest order setting the case for trial was on a day certain, giving the defendant ample time to be prepared.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 November 10, 1970, at Detroit. (Docket No. 8373.) Decided December 10, 1970. Leave to appeal denied February 22, 1971. 384 Mich 810.

Complaint by Francis and Louis Mitchell against Alfred Bousson for damages for injuries sustained

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Continuance §§ 3, 4.

in an automobile accident. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Tony Ferris,* for plaintiffs.

*Irving D. Robinson,* for defendant.

Before: McGregor, P. J., and Holbrook and O'Hara,* JJ.

O'Hara, J. This case comes to us on appeal from the Macomb County Circuit Court. The court determined that the defendant negligently collided with the rear end of plaintiffs' automobile and awarded plaintiffs damages as a result of that collision.

On the date of trial, defendant appeared, represented by an associate of his counsel, who explained that his sole purpose in appearing was to announce the fact that defendant was no longer represented by counsel and to move for a continuance to enable defendant to obtain another lawyer. The trial judge, taking into account the fact that the case had been set for trial on four previous[1] occasions, and that

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] We set forth from appellees' brief a chronology of the course of the litigation together with references to the record.

1. Defendant-appellant was first represented by attorney James C. Daner of the firm of Daner, Freeman & McKenzie, who filed an answer on June 1, 1967.

2. The pretrial was closed on January 11, 1968, at which time the defendant was still represented by James C. Daner.

3. The case was *first* scheduled for trial on November 13, 1968 (2a, 3a).

4. On November 8, 1968, plaintiffs' counsel stipulated to an adjournment with defendant's counsel at defense counsel's request (8a).

5. The matter was then scheduled for trial for the *second* time on February 5, 1969 (2a, 4a).

6. On January 31, 1969, a stipulation and order was filed (9a, 10a), permitting James C. Daner to withdraw as defendant's attorney and consenting to an adjournment over-term, for the purpose of permitting the defendant to obtain other counsel. At that time, the court

each time a continuance had been granted, and that this was the second time defendant has sought to delay trial because of substitution of counsel, denied the motion. The sole question on appeal is whether the trial court's denial of that motion was an abuse of discretion.

It is the clear rule of law in Michigan that the granting or denying of a continuance is solely within the discretion of the trial judge. *McKay* v. *Black* (1967), 5 Mich App 711; *Baker* v. *Wetherald* (1939), 291 Mich 646; *First State Bank of Decatur* v. *Solomon* (1935), 271 Mich 94.

Continuances are governed by GCR 1963, 503. GCR 1963, 503.1 states that it is the policy of this rule to encourage diligent preparation and trial of cases, and that a continuance will be granted only if: (1) the moving party can show that the grounds for the continuance do not arise out of his fault or negligence and; (2) the court finds that substantial justice more nearly will be obtained if the continuance is granted.

Our trial courts are laboring under heavy docket pressure and are subject to constant criticism for

---

ordered that "the defendant shall, forthwith, proceed to obtain other counsel of his choice".

7. The case was scheduled for trial for the *third* time on May 20, 1969 (2a, 5a).

8. On April 22, 1969, an affidavit of mailing of trial notice to the defendant, Alfred Cyril Bousson, was signed and filed April 23, 1969 (11a).

9. On May 15, 1969, a consent to substitution was filed (12a), and on May 16, 1969, an appearance was filed by Louis M. Davis for and on behalf of defendant (13a).

10. On May 16, 1969, a stipulation and order for adjournment "due to the substitution of new counsel in this matter" was filed (14a).

11. The case was then scheduled for trial for the *fourth* time on July 1, 1969 (2a, 6a).

12. Once again, on June 24, 1969, plaintiff's counsel stipulated to an adjournment at defense counsel's request to a date certain from and after July 15, 1969, and an order for adjournment was entered, setting the case for trial for the *fifth* time for the *date certain* of August 26, 1969 (15a, 2a, 7a).

"justice delayed"; a time comes when the judge must insure that litigation proceeds as scheduled.

In our responsibility to assure that defendant in this case has representation, we may not overlook the co-relative right of the plaintiff to his timely day in court.

The order setting the case for trial on a day certain, *viz.,* August 26, 1969, gave defendant ample time to be prepared. He had received four previous adjournments. Further our review of the record suggests that the finding of liability and the amount of damage was well within the range of the proofs.

We cannot find as a matter of law that the trial judge abused his discretion when he found that substantial justice would be more nearly obtained by going forward, rather than by continuing the cause a fifth time.

Affirmed. Costs to the plaintiffs-appellees.

All concurred.