ISBEY *v.* ISBEY

1. CONTINUANCE—DISCRETION.
   Granting a continuance lies within the discretion of the court.

2. CONTINUANCE—DISCRETION.
   Denying a continuance to the defendant who sought a continuance because he was allegedly ill was not an abuse of discretion where the defendant's own medical expert testified that the defendant had uremic poisoning, was wearing a catheter, but that he had observed that the defendant had no symtoms which would prevent the defendant's appearance in court (GCR 1963, 503).

3. DISCOVERY—DEFAULT JUDGMENT—FAILURE TO APPEAR.
   Entry of a default judgment against the defendant in a divorce action for his failure to present himself to be deposed and to produce certain documents and records relating to the parties' marital assets was not error where the court complied with all the court rules in entering the default and took testimony to support the divorce and to establish the nature and extent of the marital assets (GCR 1963, 313.2[2][c]).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 January 14, 1971, at Detroit. (Docket No. 9566.) Decided February 25, 1971. Leave to appeal denied June 29, 1971, 385 Mich 758.

Complaint by Jean Robertson Isbey against Frank N. Isbey for divorce. Default judgment for plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Continuance §§ 3, 4.
[3] 24 Am Jur 2d, Divorce and Separation §§ 425, 426.

*Buesser, Buesser, Snyder & Blank,* for plaintiff.

*Edward W. Gleeson* (*Meyer D. Stein,* of counsel), for defendant.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

Per Curiam. This appeal arises out of a suit for divorce filed by the plaintiff, Jean Isbey, in which she sought to terminate her marriage of 45 years with the defendant. Following an extensive pretrial concerned chiefly with the marital assets, the case was set for trial on October 20, 1969. The defendant, Frank N. Isbey, was not present in court. His attorneys asked for a continuance, because defendant allegedly was ill and unable to attend. In support of this motion, defendant's attorneys called Dr. William R. Flora, a urologist, who testified that Mr. Isbey was ill with uremic poisoning, that he was wearing a catheter, and that he had observed no symptoms which indicated that the defendant would not be able to appear in court. The trial judge denied defendant's motion for a continuance.

Then, it appearing that the defendant had failed to present himself to be deposed and had failed to comply with an order to produce certain documents and records relating to the marital assets, the court made a ruling that defendant was in default under GCR 1963, 313.2(2)(c) in that he had wilfully disobeyed the court's discovery orders. Thereafter, testimony was taken to support the divorce and also to establish the nature and extent of the marital assets, but since defendant was already in default, the court permitted his attorneys to put in proofs only on the issue of the marital property. When both sides had finished presenting written and testi-

monial evidence on the value of various properties, the court awarded approximately $360,000 worth of assets and $500 per month permanent alimony to the plaintiff, and approximately $550,000 worth of assets to the defendant.

For the purposes of this appeal we will treat defendant's numerous assignments of error under three main headings: (1) the refusal of the trial court to grant a continuance; (2) entry of the default judgment for failure to comply with discovery orders; and (3) the propriety of the distribution of the marital property and of the alimony award.

The grant or denial of a continuance under GCR 1963, 503 rests within the sound discretion of the trial court. *McKay* v. *Black* (1967), 5 Mich App 711; *Baker* v. *Wetherald* (1939), 291 Mich 646. As the testimony of defendant's own expert witness did not support his allegation that he was unable to attend, it is impossible for us to find that the trial judge abused his discretion in denying the continuance.

Defendant's second allegation of error is that the entry of a default against him under GCR 1963, 313.2(2)(c) was improper because of numerous procedural defects and because it deprived defendant of property without due process of law. A review of the record indicates that the trial judge complied with all applicable court rules in entering the default; he was completely within his powers in dealing with the situation as he did. *Washburn* v. *Lake Diane, Inc.,* (1969), 17 Mich App 704. Nor are we persuaded that the trial court was in error when it found that defendant's conduct amounted to a "refusal" to obey the court's discovery orders.[1]

---

[1] See *Societe Internationale Pour Participations Industrielles* v. *Rodgers* (1958), 357 US 197 (78 S Ct 1087, 2 L Ed 2d 1255), for

Finally, defendant complains that the court abused its discretion in the division of the marital property. Although our review is *de novo,* we give special weight to the trial judge's findings. *Guenin* v. *Guenin* (1970), 28 Mich App 449; *Westgate* v. *Westgate* (1939), 291 Mich 18. We feel that the award made in this case gives due consideration to the standards set forth in *Johnson* v. *Johnson* (1956), 346 Mich 418, and we are unconvinced that we would have had to reach a different result had we occupied the position of the trial court. *Paul* v. *Paul* (1960), 362 Mich 43; *Ross* v. *Ross* (1970), 24 Mich App 19.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

---

a discussion of Federal Rule 37 from which GCR 1963, 313 is derived.