GROVE v. STORY OLDSMOBILE, INC.

1. PLEADING—AMENDMENT—DENIAL.
   Denial of a leave to amend the pleading necessitates a finding
   by the trial court that justice would not be served by permit-
   ting the proposed amendment.

2. PLEADING—AMENDMENT—POLICY.
   The privilege to amend the pleadings should be liberally granted.

3. PLEADING—AMENDMENT—FACTORS—SURPRISE—DISADVANTAGE.
   The trial court in its determination whether to grant leave to
   amend the pleading must consider (1) surprise and (2)
   disadvantage to the adverse party.

4. PLEADING—AMENDMENT—SURPRISE—DISADVANTAGE.
   Granting plaintiffs, driver and guest passenger, leave to amend
   their complaint to state that the back of the driver's bucket
   seat came loose rather than, as stated in the original com-
   plaint, that the whole seat came loose was not an abuse of
   discretion even though the motion to amend was made only
   12 days before trial where a deposition had been taken at
   which the driver stated that only the back of the seat had
   come loose, and the defendant was represented at the taking
   of the deposition, because the defendant, being aware of the
   facts in the amendment, was neither surprised nor disadvan-
   taged.

5. CONTINUANCE—DISCRETION—APPEAL AND ERROR.
   Granting or denying a motion for a continuance is discretionary
   and will not be reversed on appeal absent a showing of abuse
   of discretion.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 41 Am Jur, Pleading § 291 et seq.
[5, 6] 17 Am Jur 2d, Continuance §§ 3, 4.
[7] 58 Am Jur, Witnesses §§ 562, 563.
[8] 22 Am Jur 2d, Damages §§ 347, 366.

6. CONTINUANCE—DISCRETION.

Denying defendant's motion for a continuance was not an abuse of discretion where the trial court, in its ruling, stated that it was willing to grant a continuance if the defendant showed what would be accomplished by a delay and defendant made no attempt to show the extra time could be advantageously used.

7. TRIAL—REDIRECT EXAMINATION—UNFAVORABLE INFERENCES.

A party, on redirect examination may attempt to mitigate an unfavorable inference arising from cross-examination.

8. DAMAGES—EXCESSIVE AWARD—STIPULATION—REMITTITUR.

Defendant cannot complain about the excessiveness of an award where the plaintiff offered to stipulate to a remittitur which would have reduced the amount of the recovery to precisely the amount defendant contends is proper but the defendant chose not to accept the stipulation.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 December 9, 1970, at Lansing. (Docket No. 8977.) Decided March 24, 1971.

Complaint by Charlotte Bugbee, for herself and as next friend of Valere Lynn Tanzola Grove, a minor, against Story Oldsmobile, Inc., for personal injuries resulting from a breach of warranty. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Harold W. Glassen* and *Hudson E. Deming,* for plaintiffs.

*Carl L. Reagh,* for defendant.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

T. M. BURNS, J.   Defendant appeals a jury verdict awarding plaintiff Charlotte Bugbee $5,000 and plaintiff Valere Lynn Tanzola Grove $80,000.

Plaintiff Grove- filed suit on March 17, 1966, alleging defendant's breach of warranty as the proximate cause of extensive injuries she received as a guest passenger in an automobile involved in a collision March 21, 1965.   She originally claimed the accident was caused when the driver's seat, a so-called bucket seat, came loose from the floorboards of the automobile causing the seat to slide all of the way to the back seat.   The complaint alleged that the front seat then turned over on its back causing the driver to lose contact with the wheel and the car to go completely out of control.

Defendant raises five issues on appeal:   (1) Whether the trial court erred in permitting plaintiffs to amend their complaint to allege a different defect proximately causing the injuries complained of, when the request to amend was made only 12 days before trial?   (2) Whether the trial court erred in denying defendant's request for a continuance when plaintiffs amended their complaint only 12 days before trial?   (3) Whether the trial court erred in the scope of examination permitted plaintiffs on redirect questioning of their expert medical witness?   (4) Whether the trial court erred in instructing the jury on plaintiffs' burden of proof? (5) Whether the verdict of the jury is excessive?

1. *Whether the trial court erred in permitting plaintiffs to amend their complaint to allege a different defect proximately causing the injuries complained of, when the request was made only 12 days before trial.*

Plaintiffs amended their complaint both in 1967 and 1968.   At a conference on October 3, 1969, which

defendant styles a second pretrial conference and the trial judge a resumption of the original pretrial conference, plaintiffs again sought to amend their complaint. After a hearing on October 9, 1969, plaintiffs were permitted to amend the complaint to allege the accident was caused "when the back of the driver's seat, a so-called bucket seat came loose on the left-hand side causing the driver to partially lose contact with the steering wheel and to lose control of the car". The plaintiffs were thus permitted to change their complaint to allege that it was the back of the driver's seat which came loose rather than alleging, as they had in the original complaint, that the whole seat came loose from the floorboard.

The trial judge, in permitting plaintiffs to amend, stated:

"[B]ased upon the representations that this is not the first time that this matter, the subject matter of the amendment, has been brought to anyone's attention, that there was testimony at a deposition with reference to the character of the alleged defect, I find that though the amendment is late or the motion to amend is late and I don't like late amendments, I find no surprise here and no compelling reason to deny the amendment."

The deposition which the judge referred to is one taken of the driver of the car, the testimony revealing that it was the back of the seat rather than the seat as a whole which came loose.

Defendant was represented at the deposition and it is, therefore, clear that defendant was well aware of the factual basis of the claim well before the time that the motion to amend was granted. GCR 1963, 118.1, permits amendment by leave of the court at any time and explicitly provides that leave should be granted when justice requires. Denial of leave

necessitates a finding by the trial court that justice would not be served by permitting the proposed amendment,[1] and the Supreme Court has repeatedly stressed the liberality with which the privilege to amend should be granted.[2]

Two important factors to be weighed by the trial court in its determination are: (1) surprise and (2) disadvantage to the adverse party.[3] Since defendant was well aware of the facts which gave rise to the cause of action, defendant can neither claim surprise nor disadvantage, especially since it still had 12 days to prepare a defense. The determination by the trial court in granting the motion was an exercise of its discretion and will not be reversed absent a showing of abuse.[4] Defendant has failed to demonstrate any compelling reason why the amendment should not have been permitted. We, therefore, find that the trial court's determination was not an abuse of its discretion and must be upheld.

2. *Whether the trial court erred in denying defendant's request for a continuance when plaintiffs amended their complaint only 12 days before trial.*

Having failed in its opposition to plaintiffs' amendment, defendant then sought a continuance. Twelve days remained before trial, and defendant contended that this period was insufficient to prepare a defense to the altered basis for negligence. The trial court denied defendant's motion:

"I think at this time, until there is some ascertainment by the court of some representation to the court as to how a reasonable continuance would assist Mr. Reagh, I would have to reserve judgment

---

[1] *Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496.

[2] *LaBar* v. *Cooper* (1965), 376 Mich 401, 409.

[3] *Jackson Bank & Trust Co.* v. *Blair* (1952), 333 Mich 399, 404.

[4] *Rosenbrock* v. *School District No. 3, Fractional* (1955), 344 Mich 335, 339.

on the motion, or even deny the motion until it was renewed. I would want to know what could be done during a reasonable period of adjournment."

The decision of the trial court on a motion for a continuance is also discretionary and will not be reversed on appeal absent a showing of abuse of that discretion.[5] The trial court, in its ruling, made clear to defendant that it was willing to continue the case upon a showing by defendant of what could be accomplished by such a delay. Defendant made no attempt to show how the extra time could be advantageously used. Defendant cannot, therefore, now complain that it was prejudiced. The trial court's ruling was very fair and certainly not an abuse of discretion and must, therefore, be upheld.

3. *Whether the trial court erred in the scope of examination permitted plaintiffs on redirect questioning of their expert medical witness.*

Defendant alleges that the trial court erred in permitting plaintiffs to "cross-examine" their own medical witness on redirect examination.

As an initial matter, defendant has failed in its brief to do any more than point out what it considers to be error on the part of the trial court. Defendant leads us to no authority to support its proposition. Defendant may not leave it to this court to "search for authority" to sustain or reject its position.[6]

We will only say then that our review of the entire testimony of the witness reveals that plaintiffs' counsel was only attempting to mitigate an unfavorable inference arising from cross-examination. This, of course, is permissible.[7] We find no

---

[5] *McKay* v. *Black* (1967), 5 Mich App 711, 714.

[6] *Mitcham* v. *City of Detroit* (1959), 355 Mich 182, 203; *People v. Rogers* (1968), 10 Mich App 380, 381.

[7] *Rogers* v. *Fowler* (1908), 151 Mich 485.

attempt on plaintiffs' part to cross-examine or impeach their own witness. The examination was, therefore, proper.

4. *Whether the trial court erred in instructing the jury on plaintiffs' burden of proof.*

Defendant complains that the trial court did not adequately charge the jury on the applicable burden of proof, but again defendant has failed to provide this court with any authority to support its position.[8]

Plaintiffs point out, however, that defendant did not object to the instructions in question. Having failed to object, defendant has not properly preserved the question for review. GCR 1963, 516.2.[9]

5. *Whether the verdict of the jury is excessive.*

Charlotte Bugbee's award was $5,000; her actual damages totaled $2,354.89. Defendant contends that counsel for both parties stipulated to the latter figure as the amount of damages, and, therefore, the verdict must be excessive. Without deciding whether defendant's contention is correct (defendant again cites no authority), we are informed that Charlotte Bugbee offered to stipulate to a remittitur and continues to make this offer, but defendant has not chosen to accept it. Having had the opportunity to reduce the amount of the recovery to precisely the amount it now contends is proper, we see no reason for defendant to now complain about the excessiveness of the award.

Defendant next contends that because the jury doubled the amount of Charlotte Bugbee's award, that they must also have doubled the amount to which Valere Grove is entitled. Defendant's conten-

---

[8] See *Mitcham* v. *City of Detroit, supra,* and *People* v. *Rogers, supra.*

[9] See *O'Donnell* v. *H. J. Van Hollenbeck Leasing, Inc.* (1968), 12 Mich App 536.

tion is based upon the fact that the jury must have acted in sympathy toward plaintiff Grove.

However, the trial court instructed the jury on two occasions that it must not be influenced by sympathy or prejudice. This Court will not interfere with a jury verdict unless we find that it "shocks the conscience", or has been secured by improper means, prejudice, or sympathy.[10]

Since the trial court properly instructed the jury not to be influenced by sympathy or prejudice, we find nothing to support defendant's contention. Our review of the evidence reveals that the verdict was well within the range of the testimony. Defendant has in no way documented its contention that the verdict is excessive. There is no basis which would justify interference with the determination of the jury.

Affirmed.

All concurred.

---

[10] *McKay* v. *Hargis* (1958), 351 Mich 409; *Morgan* v. *Engles* (1968), 13 Mich App 656.