STATE HIGHWAY COMMISSION v WRIGHT

1. CONTINUANCE—WITNESSES—UNAVAILABILITY—DISCRETION.

Defendant's motion for a continuance because of the unavailability of a witness was properly denied for failure to establish due diligence under court rule where defense counsel waited until 14 days after the commencement of trial to inform the court that the witness was unavailable although counsel admitted having contacted the witness a day after the trial began, made no effort to depose the witness in the state in which he resided, and could not assure the court that a continuance would result in the witness's appearance (GCR 1963, 503.2).

2. EMINENT DOMAIN—JURY DEMAND—BIAS—DUE PROCESS.

Defendant's contention, made for the first time in a motion for a new trial, that to require, upon demand by either party, that a jury determine the amount of compensation to be awarded for the taking of property in eminent domain proceedings is a denial of due process and equal protection because a lay jury is incompetent to resolve the complex issues involved in a condemnation proceeding and inherently biased against claims on public funds, will not be considered on appeal where defendant did not consult with plaintiff's counsel regarding waiver of a jury trial, nor object to the impanelling of a jury.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 June 21, 1972, at Lansing. (Docket No. 9643.) Decided September 26, 1972.

Complaint by the State Highway Commission for condemnation of property of Wilbur C. Wright. Judgment for plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance § 7.

[2] 27 Am Jur 2d, Eminent Domain § 406 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Stanley D. Steinborn,* Assistants Attorney General, and *Charles W. White,* Special Assistant Attorney General, for plaintiff.

*Moon & McGivney (Leighton L. Leighty,* of counsel), for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

R. B. BURNS, J. On November 5, 1969, a jury trial was commenced to determine the amount of compensation to be awarded to defendant for the taking by plaintiff of a parcel of land owned by defendant. The primary issue contested at that trial was the suitability of defendant's land for development as a regional shopping center.

Two real estate appraisers hired by plaintiff testified, respectively, that the parcel had a value of $422,000 and $445,000. Both appraisals were based upon values received in comparable sales of land in the area. Neither appraiser considered sales of land for development as regional shopping centers to be comparable sales. An expert economic consultant, one John W. Green, testified that, in his opinion, the site was not suitable for a regional shopping center. Green's opinion was based upon two conclusions: (a) the projected purchasing power of Genesee County was not adequate to support another regional shopping center, and (b) no major retailer was willing to establish in the Flint area a department store of the type necessary to anchor a regional shopping center. The former conclusion was derived from data compiled by the Bureau of the Census. The latter conclusion was based upon Green's own inquiries

to several retailers. Green testified specifically to conversations with one Norman A. Menz, an employee of J. C. Penney Company, Inc.

Several witnesses testified for defendant that the parcel was suitable for development as a regional shopping center and, as such, had a value between $1,490,500 and $1,653,235.

On November 19th counsel for defendant informed the trial court that Menz denied having any conversations with Green. Counsel requested a continuance to allow production of Menz as a witness. Menz was employed in Penney's New York office. The request was denied. On November 20th the case was submitted to the jury.

The jury returned a verdict for $445,000.

On appeal defendant claims that the refusal of the trial judge to grant a continuance was an abuse of discretion. We disagree.

Defendant also claims that MCLA 213.375; MSA 8.261(15), which provides for a jury determination of condemnation awards at the request of either defendant or the state, is unconstitutional. Because this challenge was not raised at trial, we will not now consider it.

I.

GCR 1963, 503.2 provides:

"A motion to postpone or continue a trial due to the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts. A continuance shall be granted on the ground only if the court finds that the evidence is material and that diligent efforts have been made to secure the witness or evidence."

The strictness of the rule is intended to "encour-

age the diligent preparation and trial of cases." GCR 503.1. Proper use of the exhaustive deposition and discovery procedures available in this state should eliminate most causes for continuances. *McKay v Black,* 5 Mich App 711, 716 (1967); 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 318.

Counsel for defendant has failed to establish the requisite due diligence. Sometime prior to July 30, 1969, a copy of the report prepared by Green was delivered to defense counsel. That report stated:

"In order to determine the availability of department and discount stores as major tenants of the proposed regional shopping center at the site, a number of major stores (some of whom are not currently represented in the Flint market) were contacted (see form letter in the appendix) and asked to evaluate the site from the standpoint of their own plans after 1966. * * * Of the conventional department store group currently in the area, only the J. C. Penney Company is clearly underrepresented in the market and would therefore represent a potential major tenant for a shopping center at the site. It is our opinion that the Penney Company will endeavor to join with Hudsons & *[sic]* Sears at the Genesee Mall Shopping Center or alternatively will develop a suburban facility in the northwest part of Flint."

On July 30th and 31st plaintiff made Green available to defendant for the taking of a deposition. Green was examined by defense counsel on his report. Counsel appeared familiar with the contents of that report. Only limited inquiry was made into Green's contacts with various retailers. No inquiry was made into the basis for Green's opinion as to the Penney Company.

The record does not indicate that counsel for defendant made any effort subsequent to July 31st to obtain additional discovery from Green.

In addition counsel for the defendant admits that he was able to locate and speak with Menz as early as November 6th. However, the trial court was not informed about Menz until November 19th and until that day no effort was made to produce the witness—nor was any effort made to depose Menz in New York.

Furthermore, counsel was unable to assure the court that a continuance would result in the appearance of Menz. Accordingly, counsel has failed to establish that "diligent efforts" were made to secure the witness. See GCR 1963, 503.2.

## II

Defendant next claims that it is a denial of due process and equal protection to require upon the demand of either the state or defendant that a jury determine the amount of compensation to be awarded for the taking of property. Defendant alleges that a lay jury is incompetent to resolve the complex issues involved in a condemnation and that a jury of taxpayers is inherently biased against claims on public funds. This argument was raised for the first time in defendant's motion for a new trial. Admittedly, as soon as the instant proceedings were commenced plaintiff demanded a jury. However, the record does not indicate that defendant at any time even consulted with plaintiff's counsel regarding waiver of a jury trial or that counsel for defendant made any objection whatsoever to the impanelling of a jury. Therefore, we will not now consider the claim. We agree with the trial judge that "the true complaint of defendant is directed to the amount of the award rather than the vehicle used in determining the award".

Affirmed. No costs.

All concurred.