## JOHNKOSKI v JOHNKOSKI

1. CONTINUANCE—DISCRETION.

It is within the trial court's discretion whether to grant or deny a continuance; therefore, the trial court did not abuse its discretion where it found that substantial justice would be more nearly obtained by going forward rather than continuing the cause and where the grounds for the continuance arose out of the fault or negligence of the moving party.

2. APPEAL AND ERROR—DISCRETION.

An abuse of discretion by a court involves far more than a difference in judicial opinion between the trial and appellate courts, where the exercise of discretion turns upon a factual determination made by the trier of facts, since the term "discretion" involves the idea of choice, of an exercise of the will, or a determination made between competing considerations.

3. APPEAL AND ERROR—ABUSE OF DISCRETION.

An abuse of discretion by a trial court in making a determination of fact requires the reviewing court to find that the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias.

4. CONTINUANCE—DISCRETION—DIVORCE.

A trial court's decision to deny a continuance, on motion of the defendant in a divorce case, is not so palpably and grossly violative of fact and logic that it would constitute an abuse of discretion where the case was nearly two years old, the defendant's neglect in obtaining the assistance of counsel would cause the trial to be delayed even longer, the defendant was continuously advised by the trial court to retain counsel, the defendant refused offers of assistance from a legal aid society, the defendant had already dismissed one attorney, and where there was

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 5 Am Jur 2d, Appeal and Error § 84.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 772, 773.
[5, 6] 24 Am Jur 2d, Divorce and Separation §§ 294–329.

no reason to believe that the defendant would obtain the assistance of counsel.

5. DIVORCE—PLEADING—AMENDMENTS—STATUTE.

A party may amend his respective complaint or counterclaim in a divorce action to bring it into conformity with the "no fault" divorce act as a matter of right, where the original proceedings were commenced prior to the effective date of the "no fault" divorce act and where the trial has not yet commenced (MCLA 552.6 [History Note]).

6. DIVORCE—PLEADING—AMENDMENTS—ABUSE OF DISCRETION—STATUTE.

A trial court did not abuse its discretion by allowing a plaintiff in a divorce action, commenced prior to the effective date of the "no fault" divorce act, to amend her complaint to bring it into conformity with the "no fault" divorce act, after the commencement of the trial, where the defendant was neither surprised nor disadvantaged by the amendment since the defendant had more than five weeks to prepare a defense to the "no fault" grounds, much of the plaintiff's earlier testimony and exhibits were used to support her theory on the new grounds, and the defendant previously heard the testimony (GCR 1963, 118.1).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 October 2, 1973, at Grand Rapids. (Docket No. 13947.) Decided November 28, 1973. Leave to appeal denied, 391 Mich 777.

Complaint by Elizabeth A. Johnkoski against Vernon I. Johnkoski for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*William L. Coash,* Calhoun County Legal Aid Society, for plaintiff.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.,* for defendant.

Before: HOLBROOK, P. J., and BASHARA and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

BASHARA, J. Plaintiff filed a complaint for divorce on September 9, 1969, alleging that defendant was guilty of extreme and repeated cruelty.[1] A series of motions, requests, and hearings initiated by defendant resulted in trial being delayed until April 22, 1971. Defendant, during these delays, was also experiencing difficulties in securing his release from commitment to Kalamazoo State Hospital and in retaining an attorney to adequately represent him. At the commencement of trial on April 22, 1971, defendant requested a second adjournment in order to obtain legal counsel. The court adjourned trial on the divorce until July 30, 1971, but allowed testimony to be taken regarding various property matters.

On July 30, 1971, defendant was present in court and represented by attorney Peter Hirsch acting as his guardian ad litem. Mr. Hirsch requested a further adjournment at that time, again for the purpose of giving defendant time to secure legal counsel for the divorce. The motion was denied and the parties proceeded to testify as to each other's guilt in the marriage. The court did not enter orders or findings subsequent to the July 1971 hearing, but did entertain motions by each of the parties. The defendant's motion of November 1971 to reopen proofs and plaintiff's motion for leave to amend her complaint to "no-fault" grounds were both granted in early 1972.

The court set March 1, 1972, as the date for further proceedings on the divorce question. Defendant was then represented by attorney Robert Pangle, who at the start of the proceeding requested another adjournment. Mr. Pangle advised the court that another member of his law firm was retained by defendant and the defendant was un-

---

[1] MCLA 552.8; MSA 25.88.

happy that Mr. Pangle would be representing him. When that request was denied, plaintiff proceeded with her proofs as to the breakdown of the marriage, but defendant refused to participate in the trial in any way. The judgment of divorce was entered on March 20, 1972, and it is from that order that defendant now appeals.

Defendant first asserts error in the trial court's refusal to grant him continuances on July 30, 1971, and March 1, 1972, as previously stated. The defendant's request for a continuance on July 30, 1971, was made so that he could retain an attorney. Defendant, however, was continuously advised that he should retain an attorney for the pending divorce proceedings. He refused the offers of the Legal Aid Society and insisted that he had retained an attorney, Mr. Robert Siegrist, for both a habeas corpus matter and the divorce. It appears Mr. Siegrist did agree to pursue the habeas corpus action, but indicated he had no intention of representing defendant in the divorce. There was no reason on July 30, 1971, for the court to believe that defendant would obtain counsel in the future. Defendant had already dismissed one fine attorney, Mr. James Dunn, refused to benefit from the Legal Aid Society's attorneys, and ignored the trial court's previous warnings to obtain counsel.

GCR 1963, 503.1 states that:

"It is the policy of this rule to encourage the diligent preparation and trial of cases. Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving party and the court finds that substantial justice more nearly will be obtained."

The question of whether to grant or deny a continuance is within the trial court's discretion.

*Mitchell v Bousson,* 29 Mich App 222, 224; 185 NW2d 52, 53 (1970). In *Mitchell* the court denied an adjournment and found that substantial justice would be more nearly obtained by going forward rather than continuing the cause. The Court there stated:

"In our responsibility to assure that defendant in this case has representation, we may not overlook the correlative right of the plaintiff to his timely day in court." 29 Mich App 222, 225; 185 NW2d 52, 53.

It was this type of concern for the rights of both parties that led the trial court in the case before us to deny the continuance. The court recognized that the divorce action was nearly two years old and defendant's neglect would cause trial to be delayed even longer. The fact that defendant and his guardian ad litem were present and able to participate in the proceeding is also to be considered in reviewing the trial court's decision. The applicable standard for review of a trial judge's alleged abuse of discretion was stated in *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959). The Court in *Spalding,* pp 384–385; 94 NW2d at 811–812, stated:

"We have held repeatedly, and we again hold, that we will not interfere with the discretion of the trial chancellor in these cases unless a clear abuse thereof is manifest in the result reached below. The kind of determination before us requires a weighing of human and economic factors of the utmost complexity, a weighing that can best be accomplished at the local level, not in these chambers. * * * In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not

the exercise of reason but rather of passion or bias. So tested, we perceive no error in the proceedings below nor in the determination made."

Applying this standard to the court's decision to deny a continuance on July 30, 1971, we do not find his choice was "so palpably and grossly violative of fact and logic" that it would constitute an abuse of discretion. *Spalding, supra,* at 385; 94 NW2d at 812.

The requested continuance on March 1, 1972, was due to defendant's unwillingness to be represented by Mr. Pangle. The court referred to prior proceedings in this cause and to defendant's relationships with attorneys in denying the continuance. Using the *Spalding* standard, we again find that the court made a logical and reasoned choice not to continue the case until November of 1972, when it would first be free to hear testimony.

Defendant next avers that the trial court erred in allowing plaintiff to amend her complaint to come within the "no-fault" divorce act[2] which provides as follows:

"Section 3. The provisions of this amendatory act shall apply to all actions for divorce or separate maintenance commenced on or after the effective date of this act. An action for divorce or separate maintenance pending at the effective date of this act shall be consummated in accordance with and subject to the law in force at the time the action was commenced except that the provisions of this amendatory act shall be made applicable to a pending action for divorce or separate maintenance if either party amends his respective complaint or counterclaim at any time before trial to allege the new grounds for divorce or separate maintenance by use of the statutory language prescribed in this amendatory act."

2 MCLA 552.6; MSA 25.86 (History Note).

The motion to amend was properly filed after the act's effective date of January 1, 1972, but subsequent to the start of trial in 1971. It is apparent that the Legislature sought to facilitate the transition to the new act by allowing amendments before trial as of right. The discretion of a trial judge, however, to grant leave to amend pleadings in all other situations pursuant to GCR 1963, 118.1[3] has not been impaired. Indeed, the Michigan General Court Rules are part of the "law in force" at the time this action was commenced. The issue then, is whether the trial court abused its discretion in allowing the amendment pursuant to GCR 1963, 118.1. In *Grove v Story Oldsmobile, Inc,* 31 Mich App 613, 617; 187 NW2d 923, 926 (1971), this Court stated that "surprise and disadvantage to the adverse party" were two factors to be considered by the trial judge in his determination to grant or deny amendments. A review of the record in the instant cause would disclose that defendant had more than five weeks for preparation of his defense to the "no-fault" grounds. In addition, much of plaintiff's earlier testimony and exhibits were used to support her theory on the new grounds. The previous opportunity to hear the testimony and the time allowed for preparation serve to defeat the claim of surprise and disadvantage. The disadvantage here, if any, was to plaintiff who chose to complain on new grounds when the record reveals sufficient evidence to support a finding of extreme and repeated cruelty under the prior statute. Logic and common sense compel this Court to affirm the trial court's decision and terminate an already lengthy and acrimonious dispute.

---

[3] " * * * Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. * * * "

Defendant's final assertion is that the Michigan "no-fault" divorce act is unconstitutional. Because this challenge was raised for the first time on appeal we will not now consider it. *State Highway Commission v Wright,* 42 Mich App 660; 202 NW2d 724 (1972).

Affirmed.

All concurred.