ANDREW M. HOWLAND, MATTHIAS LUCE AND FRANCES H. MANNING v. ALBERT C. DAVIS.

*Evidence of value—Variance as to time—Advances by consignee—Notice to partner.*

Where there is evidence of the value of goods at the date of shipment and of a subsequent sale at that rate, it will be presumed, in the absence of evidence to the contrary, that the same price could have been obtained in the interval.

Goods were shipped with instructions to the consignees to sell on their judgment of the market, unless otherwise advised, but some time afterwards they were ordered to sell immediately. They did not do so, and the shippers sued for damages resulting from delay, and in the declaration averred shipment, delivery and orders to sell immediately as of the day and year aforesaid. *Held* that the variance as to the time of the order was not material.

In declaring upon a written instrument bearing a written date, averments of time are material.

The fact that consignees had made advances on goods which they had been instructed to sell according to their judgment of the market, "unless otherwise advised," could not justify their refusal to sell immediately on being ordered to do so, unless the sale was directed on terms that would prejudice them.

Notice to one partner is notice to all.

Error to Jackson. Submitted Jan. 30. Decided April 15.

ASSUMPSIT. Defendants bring error.

*M. V. & R. A. Montgomery* for plaintiffs in error.

*Austin Blair* for defendant in error. A consignee or factor, even if he makes advances on the goods of his principal, and to an amount beyond their value, must yet obey the latter's instructions as to the time of sale, though there be no agreement to that effect. *Bell v. Palmer*, 6 Cow., 128; *Parker v. Brancker*, 22 Pick., 46; *Blot v. Boiceau*, 3 Comst., 86; *Brown v. McGran*, 14 Pet., 479.

CAMPBELL, C. J. Davis, who lives in Jackson, sued plaintiffs in error for damages sustained by their wrongful delay in failing to sell a consignment of wool until the price had fallen largely after they received it for disposal.

The wool was shipped June 15, 1875, and received by the consignees in Boston June 21. The earliest sale they made was August 4, when they sold a few bales at 56 cents on 60 days time. The next sales were in December at 50 cents, and the remainder in January, 1876, at 43, and in March, 1876, at 40, also on 60 days time.

The evidence tended to show that there was a difference between Jackson and Boston prices of about five cents, and that wool was worth in Boston 56 or 57 cents at the date of shipment. On the 27th of May, 1875, Davis wrote to the defendants Howland, Luce & Co. of Boston stating he had on hand about 8,000 pounds of wool,—light, delaine, and combing,—and inquiring what they could sell it for, and what they would advance on it, and their commission.

They replied that they would advance 40 cents; that their commissions were 5 per cent. and 7 per cent. interest on advances, and that the wool would bring 55 cents for delaine and 62 to 65 for combing. When the wool was shipped Davis drew on the consignees for $2,700, and ordered them to sell on their judgment of the market unless otherwise advised.

A few days after the shipment, Manning, one of the consignees, was at Jackson, when Davis informed him of the consignment, and told him he wished the wool sold at once, even if it should go for a little less than market price, and asked him to write to his house to that effect, which he promised to do. At the time of service of process in this case it was in evidence that Manning admitted he did write, and that he did not know why the wool was not sold.

The jury found a verdict for $835, which appears to be on the basis of 56 cents a pound as the price which should have been obtained.

An objection was made below that there was no evidence of value in the case on which the jury could act. But there was evidence of value at time of shipment, and evidence of a sale in August for 56 cents. We think this was enough, in the absence of any counter proofs, to show that 56 cents could have been obtained in the interval.

The principal defense, however, rested on the ground that the declaration averred the directions for immediate sale to have been given at the time and place of ship-

ment, and that the evidence of a subsequent direction, which was duly objected to, was a variance and not proper.

We do not think this ground can be maintained. The declaration declares on the agreement of shipment as it really was, under orders to sell as they should be directed. It then avers under a *videlicet* a delivery and shipment and orders to sell immediately,—all these facts being averred as of the day and year aforesaid. We do not think these averments can be regarded as so far descriptive of time and place as to admit of no deviation. Except in describing a written instrument which bears a written date, such averments of time cannot in general be held material. Under this declaration Davis assumed the burden of proving, and did prove, directions to sell, brought home to the consignees. Their partnership was admitted, and notice to one was notice to all. Moreover, the testimony showed that the partner so notified undertook to inform and did inform his co-partners.

The written instructions to the consignees to use their own judgment were themselves subject to be qualified if "otherwise advised." And the fact that they had made advances could not justify refusal unless sales were directed on terms which would prejudice the consignees.

We think there was no error in the rulings and that the judgment must be affirmed with costs.

The other Justices concurred.