SLOMAN-POLK CO. *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—DISMISSAL ON PLEADINGS.
   On appeal from dismissal of bill on pleadings, proof offered by plaintiff must be taken as true.

2. TAXATION—ASSESSMENT BASIS IS TRUE CASH VALUE.
   Law in regard to assessing property requires assessment to be made at true cash value.

3. SAME—OVERASSESSMENT—FRAUD.
   Intentional overassessment is fraud.

4. EQUITY—TAXATION—FRAUDULENT OVERASSESSMENT.
   Court of equity has jurisdiction to relieve against fraudulent overassessment.

5. TAXATION—REMEDY FOR FRAUDULENT OVERASSESSMENT.
   Relief to be granted taxpayer for fraudulent overassessment is reduction of his taxes to their just proportion of public burden.

6. Equity—Inequitable Decree Never Justified.
    Court of equity is never justified in rendering inequitable decree.

7. Same—Reassessment of All Property by Court Not Practical.
    Reassessment of all property in city by court of equity to bring
      about equitable assessment is remedy not within proper func-
      tion of said court, nor is it practical of operation.

8. Taxation—Overassessment—Equity.
    Property owner's suit to set aside assessment on its property and
      to order new assessment, on ground that it was overassessed,
      was properly dismissed, where all property in city was over-
      assessed on same basis, and consequently proportion of each
      parcel to levy is same as though proper assessment had been
      made; and especially where it was not shown that plaintiff
      suffered any injury peculiar to itself susceptible of practical
      and equitable correction by court of equity.

Appeal from Wayne; Martin (William H.), Jr., presiding. Submitted January 13, 1933. (Docket No. 22, Calendar No. 36,498.) Decided March 1, 1933.

Bill by Sloman-Polk Company, a Michigan corporation, against City of Detroit, a municipal corporation, and its Board of Assessors to set aside the 1931 assessment for taxes and to order a new assessment. Bill dismissed. Plaintiff appeals. Affirmed.

*Everett H. Wells,* for plaintiff.

*Walter Barlow (Clarence E. Wilcox,* of counsel), for defendants.

Fead, J. This is a bill to set aside the 1931 assessment for taxes on plaintiff's real estate in Detroit and to order or make a new assessment, upon which plaintiff offers to pay. No testimony was taken. The bill was dismissed upon the pleadings and plaintiff's offer of proof, which must be accepted as true.

The assessment was made as of April 1st. The taxes became a lien July 15th. Plaintiff paid half the taxes under protest in July, and commenced this suit in August.

In 1930 the property was assessed at $388,000. In 1931 plaintiff made complaint to the board of assessors who valued it at $373,400. On appeal, the board of review reduced it to $317,790, and the board of State tax commissioners to $307,790, at which amount it went on the roll.

Plaintiff, while not attacking the personal good faith of the assessing and reviewing officers, claims the assessment was fraudulent in law. It offered to prove that, by reason of the business depression, values had shrunk greatly since 1930, and the property was worth not to exceed $200,000 in 1931; that the city officers admitted that the assessment of plaintiff's property as set by them was excessive, was more than the ''true cash value;'' that the city officers did not consider the depressed existing market, but made the assessments on the basis of former years in order to maintain the financial position of the city of Detroit; and that the board of State tax commissioners denied it a hearing on testimony of values for the stated reason that, if plaintiff's assessment were reduced, it would be necessary to reassess the whole district.

The general principles are not in doubt. The law requires the assessment to be made at true cash value. The officers do not claim that the depression had made values of real estate so uncertain that there was no other reasonable standard for assessment in 1931 than that of former years, nor that they used their best judgment as to present values. Intentional overassessment is fraud. A court of equity has jurisdiction to relieve against such fraud. The relief to be granted is reduction of plaintiff's

taxes to their just proportion of the public burden. *Merrill* v. *Humphrey,* 24 Mich. 170; *Fletcher Paper Co.* v. *City of Alpena,* 160 Mich. 462; *Story & Clark Piano Co.* v. *Hilderink,* 189 Mich. 123; *Copper Range Co.* v. *Adams Township,* 208 Mich. 209; *Township of Beaverton* v. *Lord,* 235 Mich. 261.

The case, however, is unique. The overvaluation was not confined to plaintiff or its property nor to classes of persons or property but ran against all property in the city, upon the same standard. A reduction of plaintiff's assessment to values of 1931, without corresponding reduction on all other property, would result, not in equality and justice to plaintiff, but in favoritism to it and injustice to other property owners. A court of equity is never justified in rendering an inequitable decree. 21 C. J. p. 661. The only method by which equity could be done under the circumstances would be for the court to assume the task, not within its proper functions nor practical of operation, of reassessing the whole city. The character of the relief required in order that it may be equitable puts it outside the province of a court of equity.

Moreover, it is not shown that plaintiff has been injured in fact, as all property has been overassessed upon the same basis. Consequently, the proportion of each parcel to the tax levy is the same as though proper assessment had been made. As plaintiff has shown no injury peculiar to itself, susceptible of practical and equitable correction by a court of equity, the decree will be affirmed, but without costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.