ROBBINS *v* EOTOFF

1. ADVERSE POSSESSION—RECOGNITION—EASEMENTS.

   The titleholder of land, by negotiating with an adverse possessor and obtaining an easement across the land in question, recognized the adverse possessor's ownership of the land.

2. PARTNERSHIP—KNOWLEDGE OF ONE PARTNER—AGENCY.

   Each partner is a general agent of the other partners and what is known to one partner is supposedly known to all partners.

3. ADVERSE POSSESSION—ACTS OF OWNERSHIP.

   Defendant's adverse possession of a 60-foot strip of land was open, visible, and notorious, even though defendant leased the land as a parking lot only on a seasonal basis, where a fence and improvements defendant made on the land to make it suitable for parking uses were permanent and defendant leased the land to outdoor sign companies, which erected a permanent billboard on the land.

Appeal from Oakland, William John Beer, J. Submitted Division 2 January 31, 1972, at Lansing. (Docket No. 11645.) Decided March 28, 1972.

Complaint by Arthur L. Robbins and Louis Wechsler against Rada Eotoff, Northern Development Company, Arnold Fuller, David Fuller, and Ben Snider asserting ownership of a disputed parcel of land. Cross-claim by Rada Eotoff against Ben Snider asserting title by adverse possession. Judgment for Rada Eotoff. Cross-defendant Ben Snider appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Adverse Possession § 240 *et seq.*
[2] 60 Am Jur 2d, Partnership § 129 *et seq.*
[3] 3 Am Jur 2d, Adverse Possession § 252.

*Hartman, Beier, Howlett, McConnell & Googasian,* for cross-plaintiff Rada Eotoff.

*Jaffe, Snider, Raitt, Garratt & Heuer* (by *Alexander Bragdon*), for cross-defendant Ben Snider.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. This is an appeal from a March 24, 1971 judgment declaring the northern 60 feet of Outlot B of Northern Heights, Oakland County (see diagram), to be owned in fee by defendant Eotoff by virtue of her adverse possession of the strip for the statutory period.

In 1950 defendant Eotoff proposed to purchase a lot on the corner of Ten Mile Road and Dequindre. It was her intention to purchase a lot 250 feet square, measured from the corner of the roads (the area B, D, E, G on the diagram). However, the land contract dated September 26, 1950, and the deed of July 16, 1952, both described the lot as being 250 feet north from the midpoint of the intersection of Dequindre and Ten Mile Roads along the center line of Dequindre, then west 310 feet, then south 250 feet and then east 310 feet along the center line of Ten Mile Road to the starting point (area A, C, H, I on the diagram). While defendant did not hold title to the northern 60 feet of the lot (now known as Outlot B), she believed it to be hers.

In 1957 Ten M Investment Company, the actual owner of the disputed land, through which appellant Snider, as a partner therein, claims his interest in the property, entered into an agreement with defendant for a sewer easement across the disputed

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

strip. Ten M Investment Company, by negotiating with and obtaining from defendant an easement across the disputed strip, which they at that time actually owned, recognized defendant's ownership of the property. Appellant Ben Snider, as a partner in Ten M Investment Company, must also be held to have recognized defendant's ownership of the property since each partner is a general agent of the others and what is known to one is supposedly known to all. *Moran* v *Palmer,* 13 Mich 367 (1865).

Since Snider must be held to have acknowledged defendant's ownership of the property in 1957, he has had actual notice of her claim since that date. Therefore, there has been adverse possession since 1957. *Lasley* v *Kniskern,* 152 Mich 244 (1908). The only question remaining then is whether defendant's possession before 1957 was open, visible, and notorious and thereby constituting adverse possession prior to that date.[1]

The testimony is uncontroverted that defendant in 1952 fenced the area in question, graded and graveled the property, and from 1952 through 1955 leased the area as a parking lot on a seasonal basis. In addition, the trial court found that since 1952 or 1953, the defendant leased the land to outdoor sign companies who have erected an outdoor sign thereon.

Although the land was used as a parking lot only seasonally from 1952 to 1955, the fence and improvements made to the land to make it suitable for parking uses were permanent throughout the period of 1952 to 1957. The billboard placed upon the property is also of a permanent nature. Clearly, the combination of the above-noted acts is sufficient to amount to an open, visible, and notorious possession

---

[1] The complaint was filed on August 22, 1969. Therefore, defendant must show that she had adversely possessed the property from at least August 22, 1954.

of the disputed strip. The acts necessary to constitute such possession depend, of course, upon the character of the land involved. *Barley* v *Fisher,* 267 Mich 450 (1934). In our opinion, defendant's actions concerning the 60-foot strip of land were more than sufficient to put the title holder on notice of defendant's claim. We find that the land has been adversely possessed since 1952 and, therefore, the trial court's judgment declaring defendant the owner in fee of the disputed property was correct.

Affirmed.